**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

**PRETRIAL SCHEDULE A**
**(Judge Hudson)**

This Pretrial Schedule A ("Schedule A") shall govern the schedule of events in this action and, therefore, it is incorporated into the Scheduling Order to which it is attached.

**I.     GENERAL INSTRUCTIONS**

   **A.     Conflict With Local Rules or Federal Rules of Civil Procedure**

This Scheduling Order shall control over any perceived conflicting Local Rule or Federal Rule of Civil Procedure unless the party perceiving a conflict shall raise it by motion, brief it in the manner required by the Local Rules, and demonstrate therein why the perceived conflicting provision of this Order should not control.

   **B.     Answer and Joinder**

      1.     Any defendant that has not filed an answer or responsive pleading shall do so within **eleven (11)** days from the date of this Order.  Filing such pleading does not waive any dispositive motions.

      2.     Any motion to join additional parties shall be filed within **fifteen (15)** days of the date of this Order.

      3.     Motions to amend pleadings shall be filed in accordance with Federal Rule of Civil Procedure 15(a).  Any such motions filed which do not comply with the above will be entertained only upon the showing of good cause.

   **C.     Filing Deadlines and Service**

If any filing deadline set in any Order of this Court falls on a Saturday, Sunday, or holiday, service on the opposing counsel or party shall be on the next business day.  Any papers so served shall be filed with the Clerk on the first business day following the Saturday, Sunday, or holiday.

   **D.     Courtesy Copies of Documents**

In accordance with the Electronic Case Filing ("ECF") Policies and Procedures Manual, which may be found on the Court's website (www.vaed.uscourts.gov/), **one paper copy of all filings should be delivered to Chambers no later than the next business day after electronic filing**.

  E.  **Settlement**

   1.  Counsel are encouraged to engage in settlement discussions as soon as possible.  With few exceptions, all cases will be referred to a United States Magistrate Judge for a settlement conference, and such referral will be made during the Initial Pretrial Conference.  The parties are directed to contact the designated Magistrate Judge within **five (5)** business days of the Initial Pretrial Conference to schedule a settlement conference.  The settlement conference shall be held on the date scheduled by the magistrate judge, or other presiding judge.  Each party shall bring to the settlement conference a client representative with authority to settle the case.  Each counsel shall be prepared to present a cogent, brief summary of all pertinent issues including liability and damages.  **If an early settlement conference is desired, contact the Clerk's Office at (804) 916-2227 for referral to a Magistrate Judge.**

   2.  Counsel shall notify the Court immediately of any settlement by calling chambers and by filing a Notice of Settlement.  The parties shall then file a Stipulation of Dismissal within **fifteen (15)** days of the Notice.  If a Stipulation of Dismissal is not received in a timely manner, the Court will place the case on the docket for presentation of a final order.

**II.**  **MOTIONS**

  A.  **Local Rule 7**

Local Rule 7 governs the filing and briefing of motions.  Although parties may request a hearing on any motion, it is not typically the Court's practice to hold hearings on routine motions.  If the Court determines that a hearing will assist in resolving the motion, it will advise the parties.  The Court will not enforce the provision of Local Rule 7 requiring a party to attempt to set a motion hearing within **thirty (30)** days of filing or the motion is deemed withdrawn.

  B.  **Motions for Summary Judgment**

Motions for summary judgment shall be filed at the earliest possible date consistent with the requirements of Federal Rules of Civil Procedure, but in any event no later than **sixty (60)** calendar days before the scheduled trial date.  Local Rule 7 governs the briefing schedule for any motion for summary judgment.  Parties may file only one motion for summary judgment addressing all relevant issues per case without leave of Court.  Non-dispositive motions, including motions in limine, shall be filed no later than **fourteen (14)** days before trial.  Responses shall be filed no later than **five (5)** days thereafter.  Any reply must be filed no later than **three (3)** days after a response.

### III.   DISCOVERY

All discovery, including supplementation, shall be completed no later than **sixty-five (65)** days before trial, except as ordered by the Court.  All discovery requests must be served in time to enable a response before the cutoff date and shall be served by email.  No party shall take more than five (5) non-party depositions without leave of Court.  The deposition of multiple designees of an organization pursuant to Federal Rule of Civil Procedure 30(b)(6) shall count as one deposition.

1. The parties shall confer pursuant to Federal Rule of Civil Procedure 26(f) within **five (5)** days of the date of this Order to develop a plan for discovery.  With respect to electronic discovery, they shall determine what electronic discovery will be sought by any party regarding what issues, what retention and retrieval systems are in use by the responding party, how electronic data will be preserved, and how issues pertaining to privilege, including accidental disclosure of privileged material, will be addressed.  If the parties are unable to agree on a plan of discovery, they must submit proposed plans within **fifteen (15)** days of the date of this Order.

2. The parties are expected to resolve discovery disputes without filing motions or involving the Court.  If counsel cannot resolve a dispute and need the Court to intervene, the parties shall file a joint statement not exceeding ten (10) pages in length setting forth (1) the posture of the case; (2) the nature of the discovery dispute; (3) the efforts made by the parties to resolve the dispute; (4) the position of each party regarding the dispute, including relevant case law and authorities; (5) whether a hearing is necessary to address the issue; and (6) a certification under Local Rule 37(E) signed by counsel for each party that they have met and conferred in good faith to resolve the dispute.  "Good faith" means that the parties engage in direct one-on-one discussions, not simply exchange correspondence, emails, or text messages.  Discovery motions must be filed in sufficient time for the Court to rule on the motion before the deadline for the completion of discovery.

3. Discovery disputes requiring judicial intervention are strongly disfavored and the Court will consider imposing sanctions pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37 against any party not acting in good faith in striving to resolve such dispute before involving the Court.  Any issues relating to discovery that are not raised before the discovery cutoff are waived.

4. No discovery materials shall be filed with the Clerk except by Order of the Court in support of a motion.

      5.      If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work product doctrine, or any other protection, the objecting party must provide the requesting party with an inventory of the documents to which objection is made (i.e., a privilege log), together with a brief description of the document, including the date, the author, the identity of each recipient, including their job titles at the pertinent time, and the claimed basis for its protection, all of which must be sufficient to permit the opposing party to assess the claim of privilege or protection. Unless otherwise ordered by the Court, the claim of privilege or protection shall be waived unless the privilege log is served with the objections to the requests for production in the time required by the Local Rules or by deadline established by Order of this Court.

## IV.    EXPERT WITNESSES

The party bearing the proof on any issue shall disclose any experts whose testimony bears on such issue no later than **sixty (60)** days before the date set for completion of discovery. Within **fifteen (15)** days thereafter, the opposing party shall disclose any opposing experts. The party with the burden of proof shall disclose any rebuttal experts within **fifteen (15)** days thereafter. As used in this paragraph, disclosure means to provide the identity of the expert and any information and documents required by Federal Rule of Civil Procedure 26.

Each party may call only one expert per discipline.

Any motions challenging the designation of experts shall be filed at least **thirty (30)** days before trial.

## V.    TRIAL PREPARATION PROCEDURES AND DEADLINES

### A.    Witness and Exhibit Lists; Designation of Discovery; Stipulations

Any witness, exhibit, or discovery not identified pursuant to this paragraph will not be admitted into evidence and can be used solely for impeachment or rebuttal.

#### 1.    **Witness Lists**

On or before **fourteen (14)** days before trial, plaintiff shall file a list of all witnesses intended to be called. The defendant shall file a corresponding list of all witnesses intended to be called on or before **ten (10)** days before trial. No witness who has been subpoenaed may be excused except by leave of Court. However, if the witness has not testified at trial, he or she may be excused with the consent of all parties.

2. **Exhibits**

Plaintiff shall file with the Clerk, and provide to counsel, a list of all proposed exhibits at least **fourteen (14)** days before trial. The defendant shall do so at least **ten (10)** days before trial. Parties must provide the Court, and file separately with the Clerk, copies of the exhibits themselves along with the list **seven (7)** days before trial. Exhibits shall be arranged in a notebook with each exhibit marked and individually tabbed. Plaintiff's exhibits shall be numbered, and defendant's exhibits shall be lettered. Each exhibit notebook should contain an index identifying each exhibit and with a short description of the item. A set of exhibits shall be delivered to the opposing party on the date that the serving party's exhibit list is filed with the Clerk. This Order shall preempt Local Rule 79(A) as to the timing of the filing of exhibits and exchanging them with the opposing party. **Exhibits not listed may be used solely for impeachment or rebuttal purposes.**

3. **Courtroom technology**

The courtroom is designed for the use of personal laptop computers to display evidence at trial. A document camera is also available and may be used by the parties in lieu of or in addition to a personal laptop. Monitors are located throughout the courtroom to facilitate the display of evidence. The Court, however, does not provide computers for the use by the parties. Counsel are instructed to visit the Court's website to review the requirements for the Court's evidence presentation system and to obtain the necessary forms for electronic device authorization. It is advisable for counsel to confer with the courtroom deputy clerk to test the compatibility of their computers with the courtroom technology prior to trial.

4. **Designation of discovery**

Each party will designate discovery which is intended to be introduced into evidence. The party with the burden of proof on an issue shall designate supporting discovery for introduction no later than **twenty-one (21)** days before trial. Any opposition discovery shall be designated no later than **eighteen (18)** days before trial. Deposition excerpts shall be designated by page and line number, and if by video recording, by minute and second on the recording. At the time of designation, counsel offering deposition excerpts will file a brief summary of all such designated testimony. All such designations should include page and line number of transcripts and time numbers for recordings. Summaries are to be served for both jury and non-jury trials.

5. **Objections**

Any objection to a listed witness or exhibit, or to designated discovery, shall be noticed no later than **seven (7)** days prior to trial, accompanied by a statement articulating the grounds for the objection and any relevant Federal Rule of Evidence or authority. To the extent possible, the objection shall include a copy of the item objected to. **Any exhibit or designated discovery to which no objection is made shall be admitted without further action.** Objections will ordinarily be decided at trial.

### 6. Stipulations

No later than **twenty-one (21)** days before trial, counsel for each party shall meet in person and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Written stipulations shall be signed by each counsel and filed with the Clerk no later than **ten (10)** days before trial.

### B. Voir Dire and Jury Instructions

1. Proposed jury instructions and proposed voir dire shall be filed with the Clerk no later than **ten (10)** days before trial. The parties are required to submit a joint set of agreed-upon instructions, including any verdict form, to be consecutively labeled beginning with "Joint Instruction 1." Plaintiff may submit any proposed instructions, including any verdict form, to which defendant objects, to be consecutively labeled beginning with "Plaintiff's Instruction 1." Defendant may submit proposed instructions, including any verdict form, to which plaintiff objects, to be consecutively labeled beginning with "Defendant's Instruction A." Specific objections to any contested instructions must be filed at least **seven (7)** days before trial. Any response to objections must be filed no later than **three (3)** days after objections have been filed.

2. Each instruction shall be set forth on a separate page with identifying title. The original of each instruction shall bear at its foot a citation of supporting authority. Counsel are instructed to email to chambers two complete sets of instructions, one with citations and the other without. Instructions shall be submitted in a Word document format.

3. The Court prefers instructions taken from <u>Federal Jury Practice and Instructions</u> (O'Malley, Grenig & Lee), and/or, if applicable, from the Virginia Model Jury Instructions or those of the appropriate jurisdiction

### C. Proposed Findings of Fact and Conclusions of Law

If this case is to be tried without a jury, the parties shall file proposed findings of fact and conclusions of law no later than **fourteen (14)** days before trial. The proposed findings of fact and conclusions of law shall be formatted by numbered paragraphs. The conclusions of law shall cite appropriate authority.

**D.     Final Pretrial Matters**

1. The parties shall jointly submit a proposed Final Pretrial Order, endorsed by counsel, setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall contain the following sections: (1) stipulated facts; (2) legal and evidentiary stipulations; (3) list of proposed witnesses by each party and whether those witnesses will testify as fact witnesses or expert witnesses; (4) a list and description of all exhibits intended to be offered by each party and whether or not there are objections to admissibility; (5) factual contentions as set forth by each party; and (6) issues in dispute.

2. If the Court deems it appropriate, a Final Pretrial Conference will be scheduled to resolve issues concerning pretrial motions, evidentiary questions, or jury instructions.

3. All exhibits to which no objection is made shall be admitted without further order. Objections to exhibits and designated discovery will ordinarily be decided at trial unless counsel requests that a specific objection be resolved at the Final Pretrial Conference, or before trial if no conference is scheduled.

4. No witness, exhibit, or discovery material not included in the Final Pretrial Order will be permitted to testify or be admitted into evidence, except as to non-expert witnesses, exhibits, or discovery material offered solely as rebuttal evidence or for impeachment

5. It shall be the responsibility of counsel for plaintiff(s) to assemble and distribute to all other counsel a draft of the Final Pretrial Order in sufficient time to allow completion before the Final Pretrial Conference, or before trial if no conference is scheduled. Counsel shall resolve disagreements on the content of the Final Pretrial Order and shall present a clean version thereof at the Final Pretrial Conference. If no Final Pretrial Conference is to be held, the Final Pretrial Order shall be presented for entry by 5:00 p.m. two (2) business days before the commencement of trial. Failure to comply with the requirements of this paragraph may result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f).

Revised 4/06/2020