UNITED STATES DISTRICT COURT
In the Eastern District of Virginia
Richmond Division

| | |
|---|---|
| COURTHOUSE NEWS SERVICES )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>KARL R. HADE, in his official capacity as )<br>Exec. Sec'y of the Office of Exec. Sec'y of the )<br>Supreme Ct. of Va., *et al.* )<br>)<br>*Defendants*. ) | Civil Action No. 3:21-cv-00460-HEH |

## REPLY

Defendant Karl R. Hade (the "Executive Secretary"), by counsel, hereby replies to the Plaintiff's "Omnibus Memorandum of Law," ECF No. 33. He states the following:

**I. Plaintiff's Response alleges facts beyond the scope of those alleged in their Amended Complaint.**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a *complaint*; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Jones v. Brown*, 2021 U.S. Dist. LEXIS 218356, *2 (E.D. Va. 2021) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)) (emphasis added). Accordingly, "a plaintiff may not introduce new allegations or new facts in an opposition to a defendant's motion to dismiss." *Curran v. Axon Enter.*, 2021 U.S. LEXIS 201249, *8 (E.D. Va. 2021) (quotation omitted).

Likewise, in a facial challenge under a Rule 12(b)(1) Motion to Dismiss, "the defendant contends that a complaint simply fails to allege facts upon which subject matter can be based." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (citation and internal quotation marks omitted). "Accordingly, the plaintiff is afforded the same procedural protection as [it] would

1

receive under a Rule 12(b)(6) consideration, wherein the facts alleged in the compliant are taken as true, and the defendant's challenge must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* (citation and internal quotations omitted). A facial challenge is thus distinguished from a factual challenge to jurisdiction, where the defendant argues "that the jurisdictional allegations of the complaint are not true, providing the trial court the discretion to go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id.*

In this case, Plaintiff has chosen to respond to all three of the Motions to Dismiss in a single "Omnibus Memorandum of Law." The response includes a "Factual Background" section which alleges facts contained in their Amended Complaint, yet also adds new facts supported by five exhibits not included in the Amended Complaint. ECF No. 33 at 10. Plaintiff additionally includes an affidavit from counsel of record in this matter, Jonathan Ginsberg, Esq., who states that he "could testify if called as a fact witness," ECF No. 33-3 ¶ 1, despite serving as an advocate in this same proceeding.[1] But any new fact alleged in their response cannot be considered in evaluating the Defendants' Rule 12(b)(6) Motions to Dismiss. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Likewise, in his Rule 12(b)(1) Motion to Dismiss, the Executive Secretary makes a facial attack, arguing that the Complaint lacks any factual substance indicating that the Executive Secretary may grant or deny access to records held by any circuit court clerk. Thus, this is a facial attack to jurisdiction, and Plaintiff's new allegations cannot be considered in evaluating his motion.

    **II.**     **Plaintiff's additional facts nevertheless fail to identify a "special relationship" under *Ex parte Young* between the Executive Secretary and access to OCRA.**

---

[1] Any lawyer who provides legal services in Virginia is prohibited from "act[ing] as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness," with few exceptions not present in the case at bar. Va. Sup. Ct. R. Part VI, § II, R. 3.7(a), 8.5(a).

Even if the Court were to consider the additional facts offered in support of Plaintiff's response brief, Plaintiff nevertheless fails to identify how the *Ex parte Young* fiction applies to the facts of this case. For *Ex parte Young* to apply, the Plaintiff must allege facts which show some nexus between enforcement of the challenged state law and the state official. *Ex parte Young*, 209 U.S. 123 (1908). "In making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional it is plain that such officer must have some connection with the *enforcement* of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Id.* at 159 (emphasis added). Only when such an officer is "clothed with some duty in regard to the enforcement of the laws of the state" can he "be enjoined by a Federal court of equity from such action." *Id.* at 155. Thus, under *Ex parte Young*, the requirement that a State official have a duty to enforce the challenged law is prudential: it ensures that injunctive relief against that state official will actually afford the relief sought by the injunction.

In this case, Plaintiff seeks injunctions against the Defendants "prohibiting them from continuing their polices, practices and customs of denying remote online access to non-Virginia licensed attorneys . . ." ECF No. 21 at 26, ¶ 1. But an injunction against the Executive Secretary would not afford Plaintiff meaningful relief because the Executive Secretary is not a gatekeeper of records within the custody of Virginia circuit court clerks. Between the Complaint, the Amended Complaint, and the new facts alleged in its response brief, this is Plaintiff's third bite at the apple, and yet it still fails to identify any OES "policy" which prevents its access to Virginia circuit court records. Indeed, the Amended Complaint merely states over and over that OES's "policies, practices, and customs" prohibit Plaintiff's access to OCRA in Prince William County, yet fails to state how OES can grant access to records within the custody of the circuit

3

court clerks. Granting an injunction against the Executive Secretary would be ineffective because the Executive Secretary is not currently denying their access to OCRA. Nor does Virginia law shroud the Executive Secretary with authority to enforce Va. Code § 17.1-293 – nothing in the Code of Virginia grants him either the duty to enforce OCRA's access limitation to Virginia-licensed attorneys, or to ensure that Virginia circuit court clerks enforce the same. Thus, Plaintiff fails to identify how the Executive Secretary is "*responsible*, at least in part, for the challenged conduct." ECF No. 33 at 20. Nor does CNS identify what that conduct is.

The Executive Secretary has neither the authority nor the ability to grant physical access to records in the custody of a circuit court clerk; the mere fact that OES hosts a platform on which electronic copies of these documents are shown does not change the analysis.[2] Accordingly, the Executive Secretary does not enforce OCRA's access limitation to Virginia-licensed attorneys, rendering him an inappropriate party under *Ex parte Young*. The Eleventh Amendment thus bars this suit against him.

### III. Plaintiff's "Omnibus Memorandum of Law" fails to raise the right to relief alleged in its Amended Complaint above a speculative level.

To survive a Rule 12(b)(6) Motion to Dismiss, a complaint's factual allegations must raise the right to relief alleged above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550

---

[2] *See Daily Press, LLC v. Office of the Exec. Sec'y*, 293 Va. 551 (2017). "We conclude that Code § 17.1-242 plainly establishes the clerks as the custodians of the court records. In addition, this statute plainly provides that the clerks' custody extends to court records that are 'stored in electronic format' and that they remain custodians even if the electronic records are stored off premises, in this instance at the Executive Secretary's offices." *See also* 2002 Op. Atty. Gen. Va. No. 02-026 (April 4, 2002) ("[T]he circuit court clerk is responsible for the integrity of all records maintained by the clerk's office. That responsibility is not shared with any other court official, but rests exclusively with the elected clerk of the circuit court . . . Accordingly, I must conclude that the automated case management systems maintained by the clerk of a circuit court, whether the storage media is on or off premises, are records of the clerk's office under the custody of such clerk. *Access to such a case management system lies within the sound discretion of the clerk.*") (emphasis added).

4

U.S. 544, 555 (2007). The Amended Complaint fails to do so, and Plaintiff's "Omnibus Memorandum of Law" resolves none of the issues raised in the Defendants' Rule 12(b)(6) Motions to Dismiss. First, Plaintiff fails to identify any action on the part of the Executive Secretary which caused it any harm. Second, Plaintiff fails to identify any right protected by the First Amendment which the Executive Secretary has injured, nor do the cases to which Plaintiff cites establish any right to remotely access civil filings.

    A. Plaintiff fails to allege a "policy or custom" attributable to the Executive Secretary responsible for the harms alleged in the Amended Complaint.

Plaintiff began its rebuttal to the Defendants' 12(b)(6) Motions to Dismiss by reciting the conditions under which a "policy or custom" for the purposes of § 1983 may arise. But the "policy or custom" analysis originates from *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and its progeny, which held that, under limited circumstances, a local government may be sued under § 1983. *Id.* at 694. Specifically, the Supreme Court held that a local government could be sued when the litigation challenged "the execution of a government's policy or custom" but "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* "This 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Lane v. Anderson*, 660 Fed. Appx. 185, 196 (4th Cir. 2016) (quoting *Riddick v. Sch. Bd. of Portsmouth*, 238 F.3d 518, 523 (4th Cir. 2000) (internal quotations omitted)). Plaintiff misses the mark here, because *Monell* claims may not be brought against State officials.

But Plaintiff additionally failed to identify any policy or custom attributable to the Executive Secretary which might give rise to the harms alleged in its Amended Complaint. While Plaintiff points to a statement from an "OES designee" in arguing that OES somehow

enforces Va. Code § 17.1-293, *see* ECF No. 33 at 20, nothing in its Amended Complaint even suggests that OES has ever granted or denied anyone access to OCRA. The opinion cited in Plaintiff's Amended Complaint does not have the force of law, which, in contrast, the Supreme Court of Virginia's holding in *Daily Press, LLC*, and the plain-text reading of Va. Code § 17.1-242 have. A circuit court clerk is the exclusive custodian of her circuit court's records, whether they are stored at the courthouse or electronically at a remote location. Va. Code § 17.1-242. Plaintiff alleges that its constitutional rights were violated when OES denied it access to Prince William Circuit Court's records contained in OCRA. But the Executive Secretary never denied CNS access, nor did it have the authority to do so. No policy of OES caused Plaintiff any harm whatsoever. Plaintiff's § 1983 claims against OES fail outright, because CNS has failed to link any action on the part of the Executive Secretary which has caused it any harm.

      B.  Plaintiff misstates the effect of Fourth Circuit precedents as to the First Amendment right of access to newly filed civil complaints.

Plaintiff continues to assert that its prior litigation efforts control the result reached in this case, asserting that "the foregoing case law is not limited to a right of *physical* access." ECF No. 33 at 25 (emphasis in the original). On the contrary, *Courthouse News Serv. v. Schaefer*, 2 F.4th 318 (4th Cir. 2021) did not address the issue of remote access to civil filings whatsoever. It merely affirmed that there exists a right of access to newly filed civil complaints, which the Executive Secretary has never disputed. Plaintiff attempts to frame its alleged harm within this context to receive a more exacting scrutiny, but nevertheless fails to identify how it has been denied access to filings in Prince William Circuit Court. CNS never alleges a single instance in which it has been denied access to a civil filing, merely that Defendant Smith has denied it remote access. The First Amendment right of contemporaneous access is thus never implicated whatsoever.

Plaintiff argues that because, within the meaning of First Amendment access, "contemporaneous" means "as expeditiously as possible," that its rights are violated when it cannot instantaneously access civil filings remotely. *See* ECF No. 33 at 24-25. But this interpretation is not supported even by the case to which CNS cites as authority. The Fourth Circuit in *Schaefer* held that the First Amendment requires "courts to make newly filed civil complaints available as expeditiously as possible." *Schaefer*, 2 F.4th at 329. But the Fourth Circuit never treated "expeditiously as possible" in the same manner as the Plaintiff: "[The district court] held that 'contemporaneous' in this context means ' the same day on which the complaint is filed, insofar as is practicable ;' and when not practicable, on the next court date." *Id.* at 328 (citing *Schaefer*, 440 F. Supp. 3d at 562.). "This flexible standard *does not require perfect or instantaneous access*. Rather, it provides courts with some leeway where same-day access would be impracticable, and fully exempts inconsequential delays and those caused by extraordinary circumstances." *Id.* (emphasis added). Thus, even if the Court were to consider Plaintiff's claims in this context, they still fail: no precedent surrounding the First Amendment right of access to civil complaints requires instantaneous, remote access. Further, any delay caused by Plaintiff employing reporters to physically report to courthouses is justified based on the legitimate state interests articulated in the Executive Secretary's Rule 12(b)(6) Motion to Dismiss. Count I fails accordingly.

> C. Plaintiff's Equal Protection claim fails because it does not identify a protected constitutional right, nor does Plaintiff adequately address the policy aims of OCRA's limitation to Virginia-licensed attorneys.

Attempting to exact a more favorable standard of review from this Court, the Plaintiff again tries to allege that its right to remote access is a fundamental constitutional right. ECF No. 33 at 31. The Executive Secretary's foregoing argument applies with equal force here. There is

7

simply no precedent establishing a First Amendment right of equal remote access, despite Plaintiff's insistence to the contrary.

Likewise, Plaintiff misstates the policy aims of OCRA's access limitation to Virginia-licensed lawyers. Plaintiff attempts to state that because Virginia Code § 8.01-420.8(A) requires litigants to redact certain confidential information, a "less restrictive alternative is already in place." ECF No. 33 at 33. But Plaintiff's argument fails to recognize that this same code section provides for no penalty for failure to abide by subsection A. Code § 8.01-420.8(C). A cursory review of court filings reflects court records showing highly sensitive data and information which were never redacted by the parties. The Virginia General Assembly has recognized this and has enacted an additional safeguard in limiting OCRA to Virginia-licensed attorneys. Such a limitation achieves the broad policy goals delineated in the Executive Secretary's 12(b)(6) motion to dismiss – it prevents individuals and entities with no legitimate connection with the litigation reflected in the court records from harvesting sensitive data for private gain, while allowing attorneys to view that sensitive information when it may need to be used for legitimate, justice-related purposes.

## CONCLUSION

No action or policy of the Executive Secretary denied Plaintiff access to the Prince William Circuit Court's records, despite Plaintiff's continued recitations. Virginia law does not cloak the Executive Secretary with the authority to grant or deny access to any circuit court's records to anyone. For this reason, the injunctive relief sought against the Executive Secretary would be meaningless and ineffective if granted. Should the Court entertain any of the claims against the Executive Secretary, those claims lack merit because OCRA is rationally related to a

legitimate government interest. Accordingly, Plaintiff's claims against the Executive Secretary should be dismissed with prejudice.

                                                  Respectfully submitted,

                                                  EXECUTIVE SECRETARY KARL R. HADE

                                                  By: */s/ Robert B. McEntee, III*
                                                           Counsel

| | |
|---|---|
| Mark R. Herring<br>Attorney General | Robert B. McEntee, III (VSB No. 89390)*<br>Erin R. McNeill (VSB No. 78816)*<br>Assistant Attorneys General |
| Marshall H. Ross<br>Senior Assistant Attorney General/<br>Trial Section Chief | Office of the Attorney General<br>202 North Ninth Street<br>Richmond, Virginia 23219<br>Telephone: (804) 786-8198 (McEntee) |
| Jacqueline C. Hedblom<br>Assistant Attorney General/Unit Manager | Telephone: (804) 317-0977 (McNeill)<br>Facsimile: (804) 371-0200<br>rmcenteeiii@oag.state.va.us<br>emcneill@oag.state.va.us<br>*Counsel of Record for Defendant Karl R. Hade* |

## CERTIFICATE OF TRANSMISSION

      I hereby certify that on November 29, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all counsel of record.

                                                  */s/ Robert B. McEntee, III*